**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander W Woytenko, et al., | No. CV-19-00413-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Jose Ricardo Lopez Ochoa, et al., | |
| Defendants. | |

Plaintiffs filed this action on August 20, 2019, alleging violations of the federal Motor Vehicle Information and Costs Savings Act, also known as the federal Odometer Act, 49 U.S.C. § 32701, et seq. (hereinafter "the Odometer Act"), for Breach of Express Warranty, and for consumer fraud. The claims arise from a series of title transfers occurring over approximately one year during which the odometer reading went form 271,801 actual miles to 128,900 actual miles. Plaintiffs paid $9,000 for a 2009 Dodge Ram truck based on this fraudulent representation and seek statutory damages of $10,000 against each Defendant and actual damages of not less than $8,000 and punitive damages against Defendant Ochoa of $24,000. Plaintiff has sued all Defendants in the string of titles beginning with the transfer of title from Jim Click, but not including Jim Click. Plaintiff has, however, only served Defendant, Desert Southwest Industries, doing as Jeff's Auto Parts (Jeff's Auto Parts).

The Clerk of the Court entered default against Desert Southwest Industries, dba Jeff Auto Parts, on September 25, 2019, for failure to appear or answer the Complaint. On October 1, 2010, Jeff's Auto Parts filed an Answer, and on October 31, 2019, it filed a Motion to Set Aside the Default. On November 5, 2010, Jeff's Auto Parts Amended the Motion to Set Aside the Default to include affidavits attesting to the merits of its defenses.

On December 10, 2019, the Plaintiffs filed a Motion for Extension of Time for service and to alternatively serve the Defendants.

The Court grants the Motion to Set Aside the Default. The motion makes it clear that Defendant Jeff's Auto Parts failed to answer because of inadvertence by its attorney. There is no evidence that Jeff's Auto Parts was attempting to avoid service or acting in bad faith to delay the case. Jeff's Auto Parts may have a merits defense and the Court always favors disposition of an action on its merit rather than default. There is no evidence that reopening the default judgment would prejudice the Plaintiffs, who have not filed an objection to the motion to set it aside. *See United States v. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010) (identifying these factors for determining good cause to set aside a default).

The Court grants the Motion to Extend Time for Service for 30 days and approves the proposed alternative service of process by certified mail.

Defendant Johnson is the owner and registered agent for Buster Wholesale Auto. Plaintiffs may serve Johnson and Buster Wholesale by mailing a copy of the Summons and Complaint certified mail return receipt requested to the address listed in the Arizona Corporation Commission. Fed. R. Civ. P. 4(h)(1)(B). The Motion to Set Aside reflects that Defendant Johnson is an agent of Defendant Jeff Auto Parts, therefore, the Plaintiff shall also serve Johnson by certified mail to Johnson at his place of employment, Jeff Auto Parts, 2412 S. Fourth Avenue, Tucson AZ 85713.

The Plaintiffs report that they have repeatedly attempted to personally serve the remaining Defendants Ochoas and Sotos at their last known addresses according to Arizona Motor Vehicle records. In the case of Defendant Ochoa, he has apparently moved. The Sotos appear to be home but will not answer their doors. Under Fed. R. Civ. P. Rule 4(e)(1),

the Plaintiffs may also serve Defendants following any state law for service. Under Ariz. R. Civ. P. 4.1 service may be accomplished by an alternative means, with leave of the Court, by Notice and Mailing. "[T]he serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served." Ariz. R. Civ. P. 4.1(2). Plaintiffs' proposed alternative means of service complies with Ariz. R. Civ.P. 4.1(2).

**Accordingly,**

**IT IS ORDERED** that the Motion to Set Aside Default (Doc. 12) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time and for Alternative Service (Doc. 13) is GRANTED for 30 days.

Dated this 23rd day of March, 2020.

Honorable David C. Bury
United States District Judge