**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander W Woytenko, et al., | No. CV-19-00413-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Jose Ricardo Lopez Ochoa, et al., | |
| Defendants. | |

<u>Holding</u>

The Court grants the Rule 41(a)(2) Motion for Voluntary Dismissal, with prejudice.

<u>Procedural Posture, Discussion and Rationale</u>

On August 20, 2019, Plaintiffs filed the Complaint alleging a federal cause of action under the federal Motor Vehicle Information and Costs Savings Act (FOA), also known as the federal Odometer Act, 49 U.S.C. § 32701, et seq. The Odometer Act prevents odometer tampering and includes other general safeguards for the protection of consumers, 49 U.S.C. § 32701, with five major substantive provisions. It establishes procedures to follow when a motor vehicle repair results in a change in the odometer reading. It requires written certifications be made each time a vehicle is transferred. The transferor must disclose the odometer reading and whether the odometer reading is accurate, has exceeded its mechanical limits, or is inaccurate. It prohibits false statements in conjunction with the disclosures and prohibits parties from conspiring to violate any of the Act's provisions. It prevents transfers made in violation of the statutory provisions with the intent to defraud a

buyer.

The regulatory transfer provisions are incorporated into title documents which require "each transferor to disclose the mileage in writing on the title" or "on the document being used to reassign the title," and the transferor must certify that "to the best of his knowledge the odometer reading reflects the actual mileage." 49 U.S.C. § 32701(b); 49 C.F.R. § 580.5 (c), (e). The Act's disclosure requirements are central to the Act's effectiveness. Even if a transferor has not tampered with the odometer, a transferor may violate the Act by violating the disclosure requirements. *Ryan v. Edwards*, 592 F.2d 756, 760 n.4 (4th Cir. 1979). The disclosure requirements create a paper trail of the odometer reading at each transfer, facilitating investigation of odometer fraud.

Courts have found that plaintiffs have standing to sue other transferors who are in the chain of ownership and who have given a false odometer statement, even if there was no false statement made directly to the plaintiff by those transferors. *See Carrasco v. Fiore Enterprises*, 985 F.Supp. 931, 939 (D. Ariz. 1997) ("if a defrauded ultimate purchaser could sue only a violator of the Act who directly transferred the vehicle to him, each owner in the chain of title who discovered the violation and then perpetuated the fraud by selling the vehicle without disclosing the violation would be insulated from liability merely because the vehicle was sold many times.")

The Plaintiffs allege that on April 18, 2019, they bought a Ram truck from Defendant Ochoa, which he fraudulently represented had only 118,600 actual miles on it. The front of the Ram truck title reflected it was a B title, which means that the milage on the vehicle is in excess of the odometer's mechanical limits of 999,999 miles. Defendant Ochoa did not, however, provide the corresponding transfer certification on the back of the title that the millage exceeded the odometer's mechanical limit. Instead, he certified these were actual miles. (Complaint (Doc. 1-2) at 17.)

According to admissions made by Defendant Ochoa in an unsworn affidavit: Defendant Johnson, acting as owner and agent for Defendants Buster Wholesale Auto/Jeff's Auto, bought the Ram truck from Jim Click as a favor for Ochoa, who paid

him for it in two installments. Ochoa knew that the odometer had not rolled over because he had mechanical work done on the vehicle which caused the odometer to be rolled back to reflect an inaccurate millage reading. He sold the truck to Defendant Arballo, and when completing the certification of milage statements on the title transfer documents to Arballo, which contained Johnson's 271,801 odometer certification, Ochoa checked the wrong box reflecting the odometer had rolled over, not that it had been changed to 118,600 miles. Later Ochoa sold the truck to Woytenko and certified that the odometer reflected actual milage. The Plaintiffs allege that Ochoa advertised the Ram truck as having, and they bought it believing it had, actual miles on the odometer. (Motion to Set Aside Default (MSA), Ex. C (Doc. 11-1) at 13); (Complaint (Doc. 1-2) at 2, 5.)

The Plaintiffs sued all the sellers in the chain of title going back to the original March 5, 2018, sale by Jim Click to Buster Wholesale Auto,[1] which correctly certified the Ram truck had 271,801 actual miles on the odometer. (Complaint (Doc. 1-2) at 2.) The transfer certifications on the back of that title reflected a dealer transfer by Defendant Johnson, acting for Jeff's Auto, selling the vehicle with 271,801 on the odometer to Defendant Arballo on June 13, 2018, and these were miles in excess of the odometer's mechanical limit. *Id.* This certification of course makes no sense because by then the odometer had been rolled back according to Ochoa's admission. (Complaint (Doc. 1-2) at 5.)

After the June 13, 2018, transfer to Arballo, the title for the Ram truck always reflected it was a B title, meaning the odometer had rolled over at 999,999 miles. This was not true. The odometer was rolled back. The issue in this case concerns the representations made by various Defendants in the odometer certifications which caused Plaintiffs' to believe they were purchasing a vehicle with 129,077 actual miles on the odometer.

Even though the transfer to Arballo reflected 271,800 miles in excess of the odometer's mechanical limitation, Arballo sold the truck to Defendant Sotos on July 11, 2018 and certified the odometer had 118,600 actual miles. (Complaint (Doc. 1-2) at 5.) The

---

[1] Defendant S.W. Industries is doing business as Jeff's Auto.

- 3 -

Court assumes they discovered the Ram truck's B title because the record reflects that Defendant Ochoa bought the truck back from the Sotos and on August 15, 2018. They certified it had 118,600 miles in excess of the odometer's mechanical limits. (Complaint (Doc. 1-2) at 12.) Ochoa drove the truck for a short time, then sold it to the Plaintiffs Woytenko on April 18, 2019, making the certification, at issue here, that it had 129,077 actual miles on the odometer. (Complaint (Doc. 1-2) at 17.)

On September 25, 2019, the Clerk of the Court entered default against Buster Wholesale Auto/Jeff's Auto after they were served and failed to Answer. In October 2019, they filed a Motion to Set Aside the default, which the Court granted in part because these Defendants posited a meritorious defense by submitting documents, signed by Johnson, acting on behalf of Jeff's Auto, that transferred the Ram truck to Ochoa on March 22, 2018, and he certified that there were 271,801 miles on the odometer, the same number certified by Jim Click as actual miles. Defendants also submitted the unsworn, notarized admission by Defendant Ochoa.

The remaining Defendants, including Defendant Ochoa, have been dismissed after Plaintiffs were unsuccessful, even after an extension of time, to serve them. Plaintiffs voluntarily dismissed Ochoa and Arballo, without prejudice (Doc. 19) and Defendants Soto,[2] with prejudice (Doc. 28). Plaintiffs refused to do the same for Defendants Johnson, Buster Motors Wholesale and Jeff's Auto (the Johnson Defendants).

On October 30, 2020, the Johnson Defendants filed a Motion for Summary Judgment (MSJ) (Doc. 26), essentially arguing the defense they promoted as meritorious in the Motion to Set Aside the Default. Defendants submitted the same Arizona Department of Transportation (ADOT) Department of Motor Vehicle (MVD) documents and unsworn, notarized statement from Ochoa that were submitted with the Motion to Set Aside. Defendants added a sworn affidavit from Johnson that he bought the truck for Buster Motors Wholesale, assigned it to Jeff's Auto, sold it to Ochoa on March 22, 2018, certified

---

[2] These Defendants appear to be innocent buyers, who purchased the vehicle from Arballo based on a false representation that the truck had 118,309 actual miles.

- 4 -

it had 271,801 actual miles, and did not check the transfer of title certification box that the odometer exceeded its mechanical limitation. (MSJ (Doc. 26)).

Instead of filing a Response, the parties stipulated to a short extension to allow Plaintiff about a week to finalize the Response and because "the parties [were] in discussion of a complete and final resolution of the matter and believe[d] that it [could] be accomplished within this time frame." (Doc. 29) at 1-2.) Next, Plaintiff filed a Notice/Motion, pursuant to Fed. R. Civ. P. 41(a)(2), to voluntarily dismiss the case against the Johnson Defendants, and asked that the dismissal be with prejudice and for each side to bear their own attorney fees. (Motion to Dismiss (MD) (Doc. 32))

Fed. R. Civ. P. 41(a)(2) allows a Court to dismiss an action at a plaintiff's request after a defendant files an answer or motion for summary judgment "on terms that the court considers proper." The Defendants argue that they have been forced to needlessly incur attorney fees because Plaintiffs refused to voluntarily dismiss the action after they presented definitive evidence in October 2019 in the Motion to Set Aside the Default that they had no involvement in the claims giving rise to this action. The Johnson Defendants ask the Court to grant the motion to dismiss the case with prejudice, and to require the Plaintiffs to pay Defendants' attorney fees based on Rule 11 as a sanction for the Plaintiffs' vexatious litigation. Alternatively, Defendants ask the Court to rule on the pending motion for summary judgment and, thereafter, they will seek attorney fees as the prevailing party. (Response to MD (Doc. 35)).

The Plaintiffs counter that such attorney fees are not available under the FOA. (Reply (Doc. 39) at 12-14 (citing 49 U.S.C. § 32710(b) and litany of out of circuit cases). The Reply asserts the merits of their case, as follows:

> [W]hen Plaintiffs filed this case it appeared on the face of the Jim Click title that Ron Johnson, on behalf of Buster Wholesale Auto or Jeff's Auto, provided an odometer certification which was false, i.e. that the odometer reading was beyond the mechanical limits of the Truck's odometer. Moreover, on that same title, it was also clear that Jeff's Auto was inserted in Buster Wholesale's position as the seller of the Truck, without any assignment from one to the other. It was also clear from the Title that the buyer of the Truck was Arballo. These facts did not change during the course of litigation. The title records did not change during the course of this litigation. Even as Defendants have tried to message [sic] the facts to escape

- 5 -

liability, the Title records are unchanged. There was no bad faith on Plaintiffs' or counsel's part.

(Reply (Doc. 39) at 14-15.) Plaintiffs challenge the persuasiveness of Ochoa's unsworn statement that he was responsible for the odometer change because it was self-serving and biased, given Johnson was allegedly doing Ochoa a favor in purchasing the vehicle for him. Plaintiffs argue that even the biased Ochoa statement does not comport with the title records and documents which show that Johnson made the first false certification on the title regarding the odometer reading on the Ram truck or at least he failed to properly record the Ochoa sale, enabling the false certification to be made in conjunction with the Arballo sale.

The alleged false certification by Johnson relied on by the Plaintiffs is that the Ram truck odometer read 271, 801 miles, with milage exceeding the odometer's mechanical limits, meaning it had rolled over at 999,999 miles. (MSA (Doc. 11-1) at 11; MSJ (Doc. 26) at 10). First, the Plaintiffs ignore that Johnson certified that there were 271,801 miles on the odometer, which were the actual miles on the truck as certified by Jim Click. Second, the false certification that the odometer had rolled over is not the alleged false representation from which the Plaintiffs' claims arise. They assert that they were told the Ram truck's odometer reflected actual miles.

The Plaintiffs challenge the lack of authentication of the documents relied on by the Defendants to prove they were not involved in rolling back the odometer to 118, 309 miles and did not make any false certifications on title transfer documents. Plaintiffs assert the documents tendered by the Defendants were not found when they searched the motor vehicle records for the Ram truck and could have been produced by Defendants after the fact. While this may be true for the purchase and sale agreement which reflects that Jeff's Auto sold Ochoa the Ram truck on March 22, 2018, the Motor Vehicle Audit Report, which reflects Johnson's purchase, assignment, and sale, and the Secure Odometer Disclosure, which reflects Johnson certified 271,801 actual miles, are both copies of official ADOT MVD records. Both support the purchase and sale agreement of the Ram truck to Ochoa

on March 22, 2018, and Ochoa's notarized statement that he owned the truck when the odometer was rolled back, and when he sold it to Defendant Arballo, he "mistakenly" checked the box certifying that the odometer had rolled over. *See above citations to the record.*

Because Plaintiffs have moved for voluntary dismissal pursuant to Rule 41(a)(2), the Court does not need to reach Defendants' Rule 11 assertions that Plaintiffs acted "'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" (Ds Response to MD (Doc. 35) at 8 (quoting *Eastway Construction Corp., v. City of New York*, 762 F.2d 243, 253 (2nd Cir., 1985)). "Vexatious litigation includes continuing a lawsuit after discovery of the facts shows it has absolutely no merit." *Id.* (quoting Legal definitions search for "Vexatious Litigation"). "[S]anctions shall be imposed against an attorney and/or his client. . .where after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Id.* (quoting *Eastway* at 254). The Court shall not dismiss a case as a sanction unless some lesser sanction would suffice to deter repetition of the conduct or comparable conduct by others similarly situated, i.e., an award of attorney fees. Fed. R. Civ. P. 11(c)(4).

The Plaintiffs are correct that the Defendants have not complied with Rule 11(c)(2), which requires that a motion for sanctions be made separately from any other motion and describe the specific conduct that allegedly violated Rule 11(b), be served under Rule 5 and not filed or presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. Then, if warranted, the court may award to the prevailing party reasonable expenses, including attorney's fees incurred for the motion.

Regardless of Rule 11, and even if Plaintiffs' conduct does not rise to a level of egregiousness warranting sanctions, the Court may consider the Plaintiffs' conduct, especially diligence, when exercising its discretion under Rule 41(a)(2) to condition granting dismissal on terms it deems proper.

Pursuant to Rule 41(a)(2), dismissal should be granted unless the defendant can show that it will suffer some clear legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001). The Ninth Circuit interprets legal prejudice as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976. The loss of a federal forum or a lost opportunity to resolve a particular dispute does not establish legal prejudice. *Westlands*, 100 F.3d at 97. Further, the expense incurred defending a lawsuit is also not sufficient because "[t]he defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Id.*

It is undisputed that that there is no legal prejudice to Defendants if this action is voluntarily dismissed and, therefore, the Motion for Voluntary Dismissal should be granted. Unless ordered "otherwise, dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Here, the Plaintiffs seek Rule 41(a)(2) voluntary dismissal with prejudice and Defendants agree. The dispute is whether the terms of the dismissal should be for each party to bear their own attorney fees and costs or with an award of attorney fees and costs for the Defendants.

In deciding a motion under Rule 41(a)(2), the Court must decide: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and, (3) what terms and conditions, if any, should be imposed. Fed. R. Civ. P. 41(a) (2); *Williams v. Peralta Cnty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D.Cal.2005). The discretion afforded the Court under Rule 41(a)(2) extends to whether the dismissal is with or without prejudice. *Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 Fed.Appx. 671, 673 (9th Cir. 2010) (citing *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002)).

"The Ninth Circuit Court of Appeals has observed that, as Rule 41(a)(2) exists chiefly for the defendant's protection, the court has the discretion to condition a dismissal *without* prejudice upon the payment of the defendant's 'appropriate costs and attorney fees.'" *Chang v. Pomeroy*, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011) (quoting *Westlands,* 100 F.3d at 96. A court should only award fees and costs to a defendant for work that cannot be used in an ongoing or future litigation. *Id.* at 97. This protects the defendant from incurring double attorney fees and costs in the event a second action is filed subsequent to the dismissal.

Courts consider the following factors for determining whether dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Fraley v. Facebook, Inc.,* 2012 WL 893152, at *3 (N.D. Cal. Mar. 13, 2012) (quoting *Burnette v. Godshall*, 828 F.Supp. 1439, 1443–44 (N.D.Cal.1993) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir.1987)). Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnett*, 828 F.Supp. at 1443; *see Williams*, 227 F.R.D. at 539–40.

In *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919 (9th Cir.1989), the court considered whether the district court abused its discretion to dismiss an action pursuant to Rule 41(a)(2), without prejudice and without awarding attorney fees and costs for defendant. First, it determined that attorney fees are not a requisite term for such dismissal. *Stevedoring,* 889 F.2d at 921. A court cannot impose fees and costs as a condition of voluntary dismissal absent some basis other than the mere fact of the plaintiff's request for Rule 41(a)(2). *Heckethorn v. Sunan Corp*., 992 F.2d 240, 242 (9th Cir.1993).

In *Stevedoring*, the appellate court addressed the factors considered by the district court, as follows: 1) whether the action was taken in good faith, 2) whether the defense costs incurred were not undertaken unnecessarily, 3) whether such awards would discourage future voluntary dismissals, and 4) whether the award of fees and costs would

- 9 -

produce an anomalous result if defendants could not recover costs and attorney fees if they prevailed at trial. The court held that it was not decided in the Ninth Circuit, and declined to decide, whether good faith is a relevant factor, *id.* at 921, because the district court considered other legitimate factors. The court referred to the district court's finding that the action involved a close and meritorious question, which once decided, the plaintiff timely moved for voluntary dismissal. The Court affirmed the district court's refusal to order the payment of costs and attorney fees as a condition precedent to voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(2). *Stevedoring*, 889 F.2d at 921-22.

Considering the Defendants' effort and expense involved in preparing the case for disposition by summary judgment, the Plaintiffs' delay and lack of diligence in seeking the voluntary dismissal, the Court finds that dismissal should be, as requested by the Plaintiffs, with prejudice. This, however, brings the Court to the merits of the terms proposed by the Plaintiffs, which is that it should be so dismissed with each party to bear their own costs and fees. "The court in *Heckethorn* left open the issue of whether a district court can impose payment of fees and costs as a condition when Rule 41(a)(2) dismissal is with prejudice, but district courts in the Ninth Circuit have determined that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal *with prejudice*." *Chang v. Pomeroy*, 2011 WL 618192 *1 (Calif. February 10, 2011) (emphasis in original) (citing unpublished decisions: *Chavez v. Northland Group*, 2011 WL 317482, at *4 (D.Ariz. Feb.1, 2011) (granting plaintiff's motion to dismiss with prejudice and denying defendant's request for attorney fees and costs), *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D.Cal.1993) (declining to award costs and attorney fees where dismissal was with prejudice); *cf., Steinert v. Winn Group, Inc*., 440 F.3d 1214, 1222 (10th Cir.2006) (holding that attorney fees may be imposed under Rule 41(a)(2) only in exceptional circumstances where dismissal is with prejudice).

Additionally, in exercising its discretion, the Court must consider the terms of the request for voluntary dismissal with prejudice as posited by the Plaintiffs, which is that each side bear their own fees and costs, and whether they will withdraw that request in the

- 10 -

event the Court declines to impose the proposed terms. *Beard v. Sheet Metal Workers Union, Local 150*, 908 F.2d 474, 475–77 (9th Cir. 1990) (in Ninth Circuit, Rule 41(a)(2) language effectively provides "'a reasonable period of time within which [either] to refuse the conditional voluntary dismissal by withdrawing [the] motion for dismissal or to accept the dismissal despite the imposition of conditions.'" *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 554 (9th Cir.1986) (quoting *Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 931 (9th Cir.1986)).

Relevant here, Plaintiffs ask the Court to allow more time to file a Response, if the Court grants the Defendants' request to rule on the pending motion for summary judgment if it is inclined to deny it attorney fees and costs. (Reply (Doc. 39) at 16.) This is not the same as saying it will withdraw the motion for voluntary dismissal if the Court does not order each side to bear their own attorney fees and costs**.** Therefore, the Court shall allow Plaintiffs an opportunity to withdraw the Motion for Voluntary Dismissal because the Court does not grant the dismissal based on the Plaintiffs' proposed term that each party bear their own fees and costs.

## Conclusion

The Court grants the Motion for Voluntary Dismissal with prejudice as requested by the Plaintiffs and agreed to by Defendants, without any terms either for or against an award of attorney fees. All is not lost for Defendants because the dismissal is a final judgment, and Defendants are the prevailing party. *Beard*, 908 F.2d at 477 n.3. As such, Defendants may seek attorney fees and costs. This approach has been suggested in *Phillips v. P.F. Chang's China Bistro, Inc.,* 2016 WL 3136925, at *1–4 (N.D. Cal. June 6, 2016) for costs. In *Phillips,* the plaintiff sought dismissal with prejudice and apposed defendant's request for an award of costs. The court in *Phillips* considered case law from the Supreme Court and the Ninth Circuit, and held that the plaintiff's voluntary dismissal with prejudice conferred prevailing party status on the defendant "because it operates as a judgment upon the merits and materially alters the parties' legal relationship by barring plaintiff from re-filing the claim against defendant in federal court." *Id.* at *3. The court held that "[a]s the

prevailing party, defendant presumptively should be allowed to collect its costs pursuant to Rule 54(d)(1)." *Id.* Federal Rule of Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *Id.* at 2. The Court applies this same logic to the attorney fee dispute between the parties here. The Court grants the Plaintiffs' Rule 41(a)(2) Motion for Voluntary Dismissal with Prejudice. As the prevailing party, the Defendants may file a motion for attorney fees and costs. LRCiv. 54.2.

The Court affords the Plaintiffs a reasonable period of time to withdraw its voluntary dismissal, which will result in this Court's disposition of the pending motion for summary judgment.

**Accordingly,**

**IT IS ORDERED** that within 14 days of the filing date of this Order the Plaintiffs shall withdraw the Rule 41(a)(2) Motion for Voluntary Dismissal (Doc. 32) or it shall be granted with prejudice, without any terms for payment of attorney fees or costs.

**IT IS FURTHER ORDERED** that in the event the motion for voluntary dismissal is not withdrawn, the Clerk of the Court shall enter Judgment, pursuant to the Motion for Voluntary Dismissal with prejudice in favor of Defendants and against the Plaintiffs.

**IT IS FURTHER ORDERED** that in the event the motion for voluntary dismissal is not withdrawn, the Defendants may seek attorney fees and costs as prevailing parties, pursuant to LRCiv. 54.2.

**IT IS FURTHER ORDERED** that in the event the motion for voluntary dismissal is not withdrawn, the Motion for Summary Judgment (Doc. 26) is DENIED AS MOOT.

//////
/////
/////
/////
/////
/////

**IT IS FURTHER ORDERED** that in the event the Plaintiff withdraws the Rule 41(a)(2) Motion for Voluntary Dismissal (Doc. 32), the Response to the Motion for Summary Judgment shall be simultaneously due within 14 days of the filing date of this Order.

Dated this 25th day of February, 2021.

.

Honorable David C. Bury
United States District Judge