**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander W Woytenko, et al., | No. CV-19-00413-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Jose Ricardo Lopez Ochoa, et al., | |
| Defendants. | |

The Court denies the Defendants' Motion for Attorney Fees and Costs for the reasons explained below.

On April 28, 2021, this Court granted Plaintiff's Motion for Voluntary Dismissal, pursuant to Fed. R. Civ. P. 41(a)(2), with prejudice. The Court entered Judgment for the Defendants and against the Plaintiffs. The Court's reasoning for this ruling was set out in its Order issued on February 26, 2021. (Order (Doc. 41)).

Because the Rule 41(a)(2) motion was granted with prejudice, the Defendants are prevailing parties. As such, the Court held the Defendants may file a request for attorney fees. (Order (Doc. 41) at 11-12) (relying by analogy on *Phillips v P.F. Chang's China Bistro, Inc.* 2016 WL 316925 (Calif. June 6, 2016) (finding that, as prevailing party, defendant presumptively should be allowed costs under Rule 54(d)).

The Defendants' attempt to piggy-back on the presumptive aspect of costs for prevailing parties under Rule 54(d) is disingenuous. The Court's ruling was limited to its finding that Defendants were prevailing parties because the voluntary dismissal was with

prejudice. Rule 54(d) expressly provides that the presumption applies to "costs—other than attorneys' fees." The Court's treatment of Defendants as prevailing parties based on the grant of the voluntary dismissal with prejudice does not suggest that the Rule 54(d) presumption for awarding costs to prevailing parties should flow to awarding attorney fees to Defendants as the prevailing party.

Likewise, Plaintiffs make too much of the Court's observation that the alleged false odometer certification by Defendants was actual milage, with an odometer reading in excess of its mechanical limits, rather than on odometer that was rolled back. This Court did not limit bringing an action up the chain of transferors to cases only if their particular violation of the odometer act is the same as the ultimate transferor to the Plaintiffs. (Response (Doc. 47) at 15.) The Court's observation left the door open to Plaintiffs' alternative argument, which was that Defendants "failed to properly record the Ochoa sale, enabling the false certification to be made in conjunction with the Arballo sale." (Order (Doc. 41) at 6.) The Court did not address the merits of the Plaintiffs' case or the merits of the defense. The Court did not reach the Defendants' request under Rule 11 to impose attorney fees as a sanction. (Order (Doc. 41) at 7.)

Both parties agreed the voluntary dismissal should be with prejudice. The Court's decision to dismiss the case with prejudice was based in part on its assessment that Plaintiffs were not diligent in moving for the dismissal until after the Defendants' filed the Motion for Summary Judgment.

The bulk of the Court's analysis related to the question of the terms and conditions, if any, it should impose relevant to the dismissal. The Court denied the terms and conditions requested by the Plaintiffs, which was that each party should bear their own fees and costs. Relying on case law suggesting that attorney fees should only be imposed in the exceptional case when dismissal is voluntary under Rule 41(a)(2), this Court did not include any attorney fee terms or conditions in the dismissal of the action.

This Court recognized that the title transfer documents did not reflect the sale of the Ram truck by Defendants to Ochoa, and that this and the Defendants' certification of actual

1    miles, with a rolled over odometer, "makes no sense" because the title reflects the sale was

2    to Arballo and the odometer had been rolled back, not rolled over.  (Order (Doc. 41) at 2.)

3          The Court may have given greater weight than it should have to MVD documents,

4    the Audit Report and the Secure Odometer Statement, which now appear to be

5    unauthenticated documents which do not get filed with MVD but are simply maintained

6    by the dealer. (Response (Doc. 47) at 6-10 (describing Secure Odometer Statement and

7    Audit Report as documents not required to be filed with MVD.)

8          In summary, if Defendants had recorded the Ocho sale on the title transfer document

9    the way Jim Click recorded its sale to Defendants, there would have been no meritorious

10   claim against them just as there was no claim against Jim Click. Defendants, however,

11   failed to complete and sign the title transfer to Ochoa. Arguably, at a minimum, this created

12   the window of opportunity for the roll back / roll over misrepresentations as being actual

13   milage. *See also* (Response (Doc. 47) at 2-10 (describing vehicle transfer record reflecting

14   questionable dealership conduct regarding sale of Ram truck). The Court did not address

15   Defendants' culpability or liability in this context.

16                                    CONCLUSION

17         Nothing about the case as alleged by the Plaintiffs was frivolous on its face, even

18   after the tendered defense of innocence. The merits of the claims and defenses were never

19   addressed by the Court; Defendants' Motion for Summary Judgment was not ripe. The

20   Court has explained the insignificance of its statement in the last Order that Johnson's

21   transfer certification that the odometer rolled over differed from the odometer being rolled

22   back. The Court's last Order did not reach the question of Rule 11 sanctions.

23         Now, the Court finds sanctions against Plaintiffs are not warranted. The Plaintiffs

24   did not act in bad faith because they did not present a meritless case that was clearly not

25   cognizable against the Defendants. *See* (Response (Doc. 47) at 12-14 (describing bad faith

26   where Court has repeatedly told plaintiff the claims were not cognizable or plaintiff's entire

27   course of conduct throughout lawsuit evidenced a fraud on the court and deliberate misuse

28   of judicial process). Even recklessness will not support an award of attorney fees as a

sanction, unless "'combined with an additional factor such as frivolousness, harassment, or an improper purpose." (Motion (Doc. 44) at 7 (quoting *Forte v. County of Merced,* 2015 U.S. Dist. LEXIS 12816 * 8 (Calif. February 3, 2015)), (further citations omitted).

The Odometer Act is a remedial statute that includes transferor milage disclosure provisions designed to protect consumers.  In remedial cases, plaintiffs win fee awards unless special circumstances make such an award unjust, (Response (Doc. 47) at 16) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 762 (1980) (quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968) (per curiam), "'but a prevailing defendant may be awarded counsel fees only when the plaintiff's underlying claim is "frivolous, unreasonable, or groundless."' *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). "'This distinction advances the congressional purpose to encourage suits by victims of discrimination while deterring frivolous litigation.'" *Roadway Exp.*, 447 U.S. at 762 (addressing dichotomy of attorney fees for prevailing plaintiffs in civil rights cases and attorney fees as sanction against plaintiff).

Defendants are car dealerships in the chain of ownership, governed by the transfer provisions contained in the Odometer Act, who allegedly made transferor milage disclosures which were arguably false or at least questionable, and Plaintiffs are consumers.  (Order (Doc. 41) at 2) (citing *Carrasco v. Fiore Enterprises*, 985 F.Supp. 931, 939 (D. Ariz. 1997)). The Court finds the underlying claim is not "frivolous, unreasonable, or groundless," and there is no basis to exercise its inherent powers to award attorney fees for Defendants.

///
///
///
///
///
///
///

1

**Accordingly,**

2      **IT IS ORDERED** that the Motion for Attorney Fees and Costs (Doc. 44) is

3   DENIED.

4      Dated this 9th day of August, 2021.

5

6

7

8   _____

9      Honorable David C. Bury
       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28